UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 98-40101-2 |
| Plaintiff, | * | |
| | * | ORDER |
| -vs- | * | |
| DEVON JULIAN BRADFORD, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendant Devon Bradford ("Bradford") filed a motion for a sentence reduction under Section 404 of the First Step Act.[1] (Doc. 1310.) In its response, the United States objected to Bradford's motion, arguing that he is not eligible for a sentence reduction and, even if he is eligible, the Court should not exercise its discretion to reduce his sentence. (Doc. 1329.) The United States supplemented its response with Bradford's disciplinary record while in Bureau of Prisons custody, asserting that his record of approximately 97 incidents does not "exemplify a person motivated to make a change in their pattern of behavior." (Docs. 1341, 1342.) Bradford submitted a reply in support of his motion in which he requested to speak to the Court about his time in prison and his goals for the future if there are questions about whether he is deserving of relief under the First Step Act. (Doc. 1347.)

The Court held a telephonic hearing on April 7, 2020, with counsel for both parties appearing, to address the Court's concerns over Bradford's prison disciplinary incidents and the need to protect the public from further crimes. The Court remains concerned about Bradford's disciplinary incidents and will allow him an opportunity to address the Court if it can be arranged telephonically.

---

[1] Bradford is represented by the Assistant Federal Public Defender appointed to represent individuals seeking relief under Section 404 of the First Step Act.

The Eighth Circuit has held that the First Step Act does not entitle a defendant to a hearing. *See United States v. Williams*, 943 F.3d 841, 843 (8th Cir. 2019). But the Eighth Circuit also directed district courts to consider all of the 18 U.S.C. § 3553(a) factors, and it may consider post-sentencing rehabilitation in deciding whether to impose a reduced sentenced under Section 404 of the Fair Step Act. *Id.* at 844. Furthermore, the Eighth Circuit's decision in *United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019), illustrates that this Court has broad discretion whether to impose a reduced sentence under Section 404 of the First Step Act. Though this is not a plenary resentencing, the Court concludes that hearing from the defendant in this case is relevant to determining the extent of a reduction, if any, in the Court's discretion. *See*, *e.g.*, *United States v. Hadley*, 389 F. Supp. 3d 1043, 1044 (M.D. Fla. 2019) (finding that defendant was not entitled to a plenary resentencing under the First Step Act, but conducting a hearing where defendant and family members were present and addressed the court). Accordingly,

**IT IS ORDERED** that the parties shall advise the Court if a telephonic hearing can be arranged to allow Defendant Devon Bradford to appear by phone and, if so, provide possible dates and times that Bradford, his lawyer, and counsel for the United States all would be available for the hearing.

Dated this 8th day of April, 2020.

                                                        BY THE COURT:

                                                        Lawrence L. Piersol
                                                        United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK