UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 98-40101-2 |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION AND |
| -vs- | \* | ORDER GRANTING MOTION FOR |
| | \* | SENTENCE REDUCTION |
| DEVON JULIAN BRADFORD, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant Devon Bradford ("Bradford") filed a motion for a sentence reduction under Section 404 of the First Step Act.[1] (Doc. 1310.) In its response, the United States objected to Bradford's motion, arguing that he is not eligible for a sentence reduction and, even if he is eligible, the Court should not exercise its discretion to reduce his sentence. (Doc. 1329.) The United States supplemented its response with Bradford's prison disciplinary record, asserting that his record of approximately 97 incidents does not "exemplify a person motivated to make a change in their pattern of behavior." (Docs. 1341, 1342.) Bradford submitted a reply in support of the motion (Doc. 1347), and subsequently filed a supplement citing some additional, more recent authority regarding the First Step Act. (Doc. 1348). The United States filed a response to the supplement. (Doc. 1357.)

The Court held a telephonic hearing on April 7, 2020, with counsel for both parties, to address concerns over Bradford's numerous disciplinary citations while in Bureau of Prisons ("BOP") custody.

Bradford requested to speak to the Court about his time in prison and his goals for the future if there were questions about whether he is deserving of relief under the First Step Act. (Doc. 1347.) The Court decided to grant Bradford's request and a telephonic conference call was held on April 21, 2020. Bradford addressed the Court by phone from USP Florence, ADMAX, where he is incarcerated. His lawyer and the lawyer for the United States were on the conference call. Bradford talked about difficulties he has experienced during his years in prison, and said he has not

---

[1] Bradford is represented by the Assistant Federal Public Defender appointed to represent individuals seeking relief under Section 404 of the First Step Act.

maintained contact with his family. Bradford reported he has studied finance extensively while in prison and he hopes to start his own business after his release.

After the April 21 hearing, after learning Bradford was not in touch with his family, the Court asked a Probation Officer in this district to contact Bradford's family in California to determine whether they would support him if he is released from prison. Bradford's father who lives in California was contacted by the Probation Officer, and he said the family will support Bradford and that Bradford likely will live with his grandmother upon his release.

Bradford's brother and co-defendant, Dana Boswell, is on supervised release and lives with their father in California. The Probation Officer in this district contacted Boswell's California Probation Officer to inquire into family support, and her opinion is that Bradford's family will support him upon his release.

After careful consideration, Bradford's motion for a sentence reduction is granted. The sentence will not be reduced to time served because it is important for Bradford to start communicating with his family and reestablishing those relationships prior to his release. Bradford has been imprisoned for 22 years, the last decade being in isolation. He admitted he has become accustomed to his isolation. Six more months in prison will provide Bradford time to prepare for his release into society.

## BACKGROUND

In 1998, Bradford was charged with one count of conspiracy to possess with intent to distribute and distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, twenty-six counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2, and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Doc. 354, Second Superseding Indictment.). None of the counts alleged a quantity of crack cocaine. Bradford was convicted at trial on all counts. PSR ¶ 5. The jury did not make a quantity finding.

Based on the state of the law at the time of sentencing, Bradford was sentenced under 21 U.S.C. § 841(b)(1)(A)(iii) for the conspiracy charged in Count 1, and 21 U.S.C. § 841(b)(1)(C) for the other drug counts. PSR ¶ 113. Because Bradford had a prior felony drug conviction, the conspiracy count had a sentencing range of 20 years to life in prison and a minimum of 10 years of

supervised release, and the other drug counts had a sentencing range of 0 to 30 years in prison and a minimum of 6 years of supervised release. PSR cover page, ¶¶ 113, 116. The maximum sentence for each of the money laundering counts was 20 years. PSR ¶ 113.

All of the counts were grouped to calculate Bradford's guideline range. PSR ¶ 75. The Court found that Bradford was responsible for 477.75 grams of crack cocaine. Doc. 909, Judgment (statement of reasons), at p. 7. Under USSG § 2D1.1(c)(3) (1998 edition), the base offense level for this quantity was 34. Bradford received a 2-level enhancement for obstruction of justice, resulting in an adjusted offense level of 36. PSR ¶¶ 79-80. Bradford was a career offender, which increased his total offense level to 37. PSR ¶ 82; USSG § 4B1.1(b)(1). As a career offender, Bradford was in criminal history category VI. PSR ¶ 92.

The Court found that category VI over-represented the seriousness of Bradford's criminal history and departed downward to category V. Doc. 909, p. 7. A total offense level of 37 and a criminal history category of V resulted in a guideline range of 324 to 405 months. *Id.* Bradford was sentenced to 336 months on the conspiracy count (12 months above the bottom of the guideline range), 240 months on each of the remaining counts, all to run concurrently, and 10 years of supervised release. Doc. 909. The Court stated that it "chose 336 months because of the defendant's young age and due to the fact that no weapons were used in the offense." *Id.*

Bradford appealed his conviction and sentence. *See United States v. Bradford*, 246 F.3d 1107 (8th Cir. 2001). While his appeal was pending, the Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) that any fact that increases the penalty for a crime beyond the prescribed statutory maximum (other than the fact of a prior conviction) must be submitted to a jury and proved beyond a reasonable doubt. In Bradford's case, the Eighth Circuit held that because neither the indictment nor the jury specified a drug quantity, his statutory maximum should have been set by 21 U.S.C. § 841(b)(1)(C). *Bradford*, 246 F.3d at 1113. At the time, this section provided a statutory maximum sentence of 30 years in prison if the defendant had a prior felony drug conviction. *Id.* Because Bradford's 28-year sentence fell within the 30-year statutory maximum under § 841(b)(1)(C), the Eighth Circuit affirmed his sentence. *Id.*

This is Bradford's first motion for relief from his 336-month sentence. He has not filed any other any post-conviction motions to vacate or reduce his sentence. When his First Step Act motion

was filed on June 10, 2019, Bradford's anticipated release date was October 11, 2025. (Doc. 1310 at p. 3.)

Bradford asks the Court to reduce his sentence on the conspiracy count from 336 months to 247 months in prison and 6 years of supervised release, to run concurrently with the existing sentences on the remaining counts.

## LAW REGARDING THE FIRST STEP ACT

On December 21, 2018, the President signed the First Step Act into law. One section of the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018), made retroactive some provisions of the Fair Sentencing Act of 2010. Section 2 of the Fair Sentencing Act reduced the existing sentencing disparity between crack cocaine and powder cocaine offenses by increasing the quantity of cocaine base required to trigger mandatory minimum sentences. *United States v. Orr*, 636 F.3d 944, 957 (8th Cir. 2011). It raised the threshold for the 5-year minimum from 5 grams to 28 grams, and raised the threshold for the 10-year minimum from 50 grams to 280 grams. *Dorsey v. United States*, 567 U.S. 260, 269 (2012). What used to be a 100:1 ratio between the amount of powder and crack needed to trigger the mandatory minimums became an 18:1 ratio. *Orr*, 636 F.3d at 957. Section 3 of the Fair Sentencing Act "eliminated the 5-year mandatory minimum for simple possession of crack," *Dorsey*, 567 U.S. at 269–270.

Sections 2 and 3 of the Fair Sentencing Act provide:

**SEC. 2. COCAINE SENTENCING DISPARITY REDUCTION**.

(a) CSA. -- Section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) is amended--

(1) in subparagraph A(iii), by striking "50 grams" and inserting "280 grams"; and
(2) in subparagraph (B)(iii), by striking "5 grams" and inserting "28 grams".

(b) IMPORT AND EXPORT ACT. -- Section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)) is amended--

(1) in paragraph (1)(C), by striking "50 grams" and inserting "280 grams"; and
(2) in paragraph (2)(C), by striking "5 grams" and inserting "28 grams".

> **SEC. 3. ELIMINATION OF MANDATORY MINIMUM SENTENCE FOR SIMPLE POSSESSION**.
>
> Section 404(a) of the Controlled Substances Act (21 U.S.C. 844(a)) is amended by striking the sentence beginning "Notwithstanding the preceding sentence,".

Fair Sentencing Act of 2010 §§ 2–3. The changes made by the Fair Sentencing Act did not apply to defendants sentenced before August 3, 2010. *See United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019).

Section 404 of the First Step Act of 2018 makes sections 2 and 3 of the Fair Sentencing Act of 2010 retroactive by providing that a court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *See* First Step Act § 404(b). Section 404 provides:

> (a) DEFINITION OF COVERED OFFENSE. -- In this section, the term "covered offense" means a violation of a Federal Criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED. -- A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS. -- No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018 § 404.

## DISCUSSION

The Eighth Circuit has explained that a district court considering a motion for a sentence reduction under Section 404 of the First Step Act should proceed in two steps. "First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction." *McDonald*, 944 F.3d at 772.

**A. Eligibility**

The first inquiry in evaluating eligibility for a sentence reduction under Section 404 is whether the defendant has a "covered offense." *See* FSA, § 404(a). The Fair Sentencing Act defines such an offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.*

Initially the United States argued that the First Step Act keys eligibility on a defendant's conduct found by the judge at sentencing and not on the statute of conviction, so whether a defendant is entitled to relief under the First Step Act depends on the amount of cocaine base for which he was found responsible in the PSR and by the court at sentencing. (Doc. 1329.) Because Bradford was found responsible in the PSR for over 280 grams of cocaine base, which would make him subject to the 21 U.S.C. § 841(a)(1)(A) penalties, the United States argued that he is not entitled to relief under the First Step Act. In other words, because the quantity of cocaine base involved in Bradford's offense would have triggered the same penalty before and after enactment of the Fair Sentencing Act, the United States asserted that the statutory penalties were not modified by the Fair Sentencing Act and therefore Bradford is ineligible for a sentence reduction. (Doc. 1329 at pp. 20, 30.)

On December 23, 2019, Bradford filed a supplement informing the Court of the Eighth Circuit's December 11, 2019 opinion in *United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019), which held that Section 404 "applies to offenses, not conduct" and it is the "statute of conviction that determines [the defendant's] eligibility for relief." (Doc. 1348 ). In its response, the United States distinguished *McDonald*, but agreed that this Court is bound by the Eighth Circuit's holding in that case.[2] (Doc. 1357 at 2.)  Bradford's supplement also advised the Court that the Sixth Circuit had held a defendant's status as a career offender does not make him ineligible for a reduction under the First Step Act. *United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019) (per curiam). In its most recent filing, the United States does not argue that Bradford is ineligible because he is a career

---

[2] In its earlier filing, the United States recognized that the majority of courts have decided eligibility for a First Step Act sentence reduction based only on the drug amount charged in the indictment, not on drug amounts set forth in the presentence investigation report or found by the judge at sentencing. (Doc. 1329 at 15-16.)

offender. The Court adopts the reasoning of the Sixth Circuit in *Beamus* and finds that Bradford's status as a career offender does not render him ineligible for a sentence reduction under the First Step Act.

In addition to being bound by the Eighth Circuit's holding in *McDonald*, this Court agrees with the majority of cases deciding First Step Act eligibility based on the amount charged in the indictment. Thus the Court rejects the United States's argument that Bradford is not eligible for relief because of this Court's drug quantity findings at sentencing.

The Fifth Circuit has rejected the United States's interpretation of the First Step Act. *See United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019). The Court concluded that the United States's "violation" approach "doesn't comport with the ordinary meaning of the statute," and that the general rule of statutory interpretation--that modifiers attach to the closest noun--applies in interpreting the First Step Act. *Id.* at 319–20. Thus, the penalties clause in Section 404(a) modifies the noun "Federal criminal statute." *Id.* "Second, the use of the past tense--'were modified'-- in the penalties clause 'confirms that the clause was intended to modify 'statute,' not 'violation' '" because the non-retroactive Fair Sentencing Act could not have modified penalties for any prior violations. *Id.* at 320 (quoting *United States v. Rose*, 379 F. Supp. 3d 223, 229 (S.D.N.Y. 2019)). Finally, the Fifth Circuit noted that the penalties clause refers to "statutory penalties," making it "doubly clear" that Congress intended to refer to the statute of conviction. *Id.*

> We thus conclude that whether a defendant has a "covered offense" under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a statute whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a "covered offense." The only other circuits to have confronted these arguments agree.

*Jackson*, 945 F.3d at 320–21. *See also United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019) ("There is no indication that Congress intended a complicated and eligibility-limiting determination at the 'covered offense' stage of the analysis," and therefore adopted a "simple interpretation of the statute": that "[a]ll defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act."); *Rose*, 379 F. Supp. 3d at 228 (agreeing with the "vast majority of courts" that have determined First Step Act eligibility turns on the statute of conviction, not on a defendant's actual conduct); *United States v. Mabry*, 402 F. Supp. 3d 475, 479 (E.D. Va. 2019) (holding that the plain language of § 404(b)

7

compels a conclusion that eligibility for a First Step Act sentence reduction "does not depend on quantity at all"); *United States v. Martinez*, 2019 WL 2433660, *3 (S.D.N.Y. June 11, 2019) (listing cases).

In *McDonald*, the Eighth Circuit found it irrelevant to the eligibility determination that McDonald was actually sentenced under a guideline based on powder cocaine, rather than cocaine base. This was because the guideline sentencing calculation did "not change the fact that he was convicted on Count 39 for distributing cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) (1996)." *McDonald*, 944 F.3d at 772. Because eligibility for the First Step Act is based on "offenses, not conduct," a defendant need only show three things to be eligible for a sentence reduction under section 404: (1) he violated a federal statute; (2) the statutory penalties for that violation were modified by section 2 or 3 of the Fair Sentencing Act; and (3) the violation was committed before August 3, 2010. *Id.*

Bradford was convicted in Count 1 of conspiracy to possess with intent to distribute and distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The statutory penalties for this offense are set out in 21 U.S.C. § 841(b)(1). Although the jury did not find a drug quantity, Bradford was sentenced under § 841(b)(1)(A), which at the time set out a sentencing range of 20 years to life in prison and at least 10 years supervised release if the offense involved 50 grams or more of crack and the defendant had a prior felony drug conviction.

The penalties in 21 U.S.C. § 841(b)(1)(A) under which Bradford was sentenced were modified by Section 2 of the Fair Sentencing Act.[3] The fact that Bradford's penalty range now falls under § 841(b)(1)(C) does not make him ineligible for relief.

Bradford's conviction on Count 1 is a "covered offense" under § 404 of the First Step Act because 1) it is a violation of a federal statute, 2) the statutory penalties for which were modified by section 2 of the Fair Sentencing Act, and 3) it was committed before August 3, 2010. Therefore, Bradford is eligible for a sentence reduction. The next step is for the Court to decide, in its discretion, whether Bradford's sentence should be reduced.

---

[3] The Court rejects the United States's argument that Bradford is ineligible for a sentence reduction under the First Step Act because he was convicted and sentenced under § 841(b)(1)(C), the statutory penalties for which were *not* modified by section 2 of the Fair Sentencing Act.

8

**B. Whether to Grant a Sentence Reduction in the Court's Discretion**

The Eighth Circuit's opinion in *McDonald* illustrates that this Court has broad discretion to impose a reduced sentence under Section 404 of the First Step Act.

In his original brief, Bradford calculated his new guideline range of 235 to 293 months. (Doc. 1310 at p. 6.) In its most recent filing, the United States agreed with Bradford's new guideline range. (Doc. 1357 at p. 8.) Bradford requests a sentence of 247 months, 12 months above the bottom of the guideline range, which is at the same point of his new guideline range as his original sentence of 336 months was in his original guideline range.

The United States urges this Court not to reduce Bradford's sentence because of the amount of drugs involved in his offense, his history of drug dealing, and his approximately 97 disciplinary incidents while incarcerated. The Court acknowledges that the United States's concerns over Bradford's BOP record are justified. His record is somewhat mitigated by the times when he went months or years in some facilities without a violation. According to the United States's summary of Bradford's disciplinary record, he had no violations in 2002, 2003, 2004, 2005, 2007, 2009 or 2012. In 2006, he had only one violation for consuming homemade intoxicants. In 2008, he was disciplined for having an unsanitary cell (keeping bananas on his clothing shelf), and being insolent during the disciplinary process related to that incident. Bradford points out that the majority of his violations were for repeated behaviors like refusing to provide a urine sample, submit to handcuffs to be moved to a different cell or to receive a cellmate. In fact, a large number of Bradford's violations were for refusing UAs during the time he was incarcerated at USP Lewisburg in the Special Management Unit (SMU) program, from September 2013 until July 2017. Only a few of his infractions involve fighting or assaultive behavior.

Since being transferred to USP Florence, ADMAX, Bradford has had only two violations, both for conducting a business without authorization based on letters to Columbia Management Services and Pershing, LLC. These violations were in early 2018. At the hearing on April 7, 2020, the lawyer for the United States suggested that Bradford may not have as many infractions in the ADMAX because the opportunities are not there due to the security. Bradford's lawyer indicated that the decline in disciplinary actions is in part because Bradford does not have a cellmate in Florence. At USP Lewisburg, Bradford was locked in a cell with a cellmate for 23 hours a day. He is faring better being locked in alone at USP Florence.

Although Bradford's conduct in prison is disturbing, the Court must also consider other factors, including that Bradford has already served 22 years of incarceration for his offenses.[4] The goal of the First Step Act is to close the sentencing gap between crack and powder cocaine offenses and eliminate some of the disparity between defendants like Bradford and those sentenced after the Fair Sentencing Act was enacted in 2010.  A reduced sentence for Bradford will further the goal of the First Step Act.

The Court also takes into consideration that Bradford's co-defendant, Dana Boswell, was granted a sentence reduction under the First Step Act, and his sentence was reduced from 360 months to 262 months in custody.  *See United States v. Boswell*, CR 98-40101-4, Doc. 1308.  There, the United States agreed that Boswell was entitled to a reduction under the First Step Act. *Id.* at Docs. 1301, 1307.  Boswell's case involved similar circumstances, including an identical quantity of crack cocaine found at sentencing (477.75 grams), and a sentence imposed under 21 U.S.C. § 841(b)(1)(A).  *Boswell*, Doc. 910, p. 7; Doc. 1301, pp. 2-3. A reduced sentence for Bradford helps to avoid unwarranted sentencing disparities between similarly situated defendants such as Boswell.

The Court has been advised by the Probation Office that a sentence reduction from 336 months to 309 months will result in a projected good conduct release date of November 18, 2020. A sentence of 309 months, giving Bradford six more months in prison, followed by six months of home confinement after his release, will take into account Bradford's post-sentencing conduct. In addition, it will give Bradford time to prepare for his release and to reestablish relationships with family members.

In weighing all the considerations in this case, including the Federal Sentencing Guidelines, the factors set forth in 18 U.S.C. § 3553, and Bradford's BOP disciplinary record, the Court concludes that a sentence of 309 months on Count 1 (resulting in six more months of imprisonment), with six months of home confinement to follow, is sufficient but not greater than necessary to reflect the seriousness of Bradford's offenses, to promote respect for the law, to provide just punishment for the offenses, and to afford adequate deterrence to criminal conduct and protect the public from further crimes by Bradford.

---

[4] The record reflects that Bradford was arrested on May 21, 1998, and it appears he has been in custody at all times since then.

10

In light of Bradford's criminal history and post-sentencing conduct, the Court finds that an 8-year term of supervised release on Count 1 is appropriate. All other terms of Bradford's criminal judgment will remain in effect. Accordingly,

**IT IS ORDERED**:

1. That Defendant Devon Bradford's Motion for a Sentence Reduction under Section 404 of the First Step Act (Doc. 1310) is granted.

2. That the Probation Officer shall prepare an Amended Judgment to reflect that:

   a. the sentence on Count 1 for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 is reduced to 309 months in order to effect Bradford's release in six months;

   b. commencing immediately following release from imprisonment, Defendant shall participate for a period of 180 days in a home detention program which may include electronic monitoring, GPS, Alcohol Monitoring Unit or automated identification system, and Defendant shall observe all rules of such program, as directed by the Probation Officer;

   c. Bradford's sentences on the other counts remain in effect, to run concurrently with the sentence on Count 1;

   d. the term of supervised release on Count 1 is reduced to 8 years, to run concurrently with the terms of supervised release on the remaining counts; and

   e. all other terms of the original criminal judgment remain in effect.

Dated this 20th day of May, 2020.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____